# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**RANDY W. GILLERT,**

        **Plaintiff,**

           **v.**

**EXPERIAN INFORMATION
SOLUTIONS, INC., and US
DEPARTMENT OF EDUCATION**

        **Defendants.**

**Case No. 1:08-cv-0567**

**Judge Virginia Kendall**

## STIPULATED PROTECTIVE ORDER

Gabriel H. Scannapieco
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, Illinois  60601
Telephone:   (312) 782-3939
Facsimile:   (312) 782-8585

*Attorneys for Defendant
Experian Information Solutions, Inc.*

IT IS HEREBY STIPULATED by and between Plaintiff Randy W. Gillert and Defendants Experian Information Solutions, Inc. ("Experian"), and the United States Department of Education through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.      This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.      Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.      To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

4.      All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or

otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person , including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5.    Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading given confidential treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:  (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6.    Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

7.      All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

7.      Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

8.      This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

9.      Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same.

10.     In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.  During the pendency of any challenge to the designation of a document or

information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

11.    Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

Dated: April 25, 2008                 Respectfully submitted,


/s/Gabriel H. Scannapieco
_____
Gabriel Hernandez Scannapieco
JONES DAY
77 West Wacker Drive
Suite 3500
Chicago, Illinois 60601
Telephone:    (312) 269-4301

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

Dated: April 25, 2008                 Respectfully submitted,


/s/Gina E. Brock
_____
Gina E. Brock
Assistant United States Attorney
219 S. Dearborn St.
Chicago, Illinois 60604
Telephone:    (312) 353-5300

*Attorney for Defendant*
*United States Department of Education*

Dated: April 25, 2008                 Respectfully submitted,


/s/Larry P. Smith
_____
Larry P. Smith
Alyssa Blackwell
Larry P. Smith & Associates, Ltd.
205 N. Michigan Ave.
40th Floor
Chicago, Illinois 60601
Telephone:    (312) 222-9028

*Attorneys for Plaintiff*
*Randy W. Gillert*

IT IS SO ORDERED.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4    I have received a copy of the Stipulated Protective order entered in this action on _____, 2008.

5.    I have carefully read and understand the provisions of this Stipulated Protective order.

6.    I will comply with all provisions of this Stipulated Protective order.

7.    I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective order.

8.    I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9.    upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective order, to my counsel in this action,

or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.     I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective order in this Action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of _____, 2008 at _____.

_____

QUALIFIED PERSON